

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KRISHNA PILLAI BALAKRISHNAN NAIR, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Criminal No. 1:07CR177 <br> Civil Action No. 1:09CR347 |

## MEMORANDUM OPINION

This case is before the Court on the Petitioner Krishna Pillai Balakrishnan Nair's Motion to Vacate and Correct his Sentence pursuant to Title 28, United States Code (U.S.C.), Section 2255.

The Petitioner, over the course of several years, was a member of a racketeering conspiracy run by Raj Bansal which engaged in illegal gambling, loan sharking, money laundering, and other activities. The Petitioner operated a convenience store where he collected and paid out gambling winnings and losses on behalf of Bansal. He laundered the proceeds of the enterprise by depositing Bansal's checks and cash to his business bank account and by giving the proceeds of these checks to Bansal and others. The Petitioner also provided Bansal with money orders from the money order service at his business, often in amounts exceeding

$10,000 per day. He did not document or report the fact that these money orders were so provided.

On June 21, 2007, a grand jury in the Eastern District of Virginia returned a Superseding Indictment charging the Petitioner and others with engaging in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and other violations. On October 15, 2007, the day before his scheduled trial and pursuant to an agreement with the Government, the Petitioner pleaded guilty to engaging in the racketeering conspiracy.

During the plea hearing, the Petitioner testified that he had reviewed the plea agreement and the charges in the Indictment, was satisfied with the representation provided by his counsel; and understood that he had an absolute right to plead not guilty and go to trial and that he was waiving that right. The Petitioner did not disagree in any particular with the Statement Of Facts. The Petitioner answered each of the Court's questions appropriately and stated affirmatively that he was "guilty." At no point did the Petitioner give any indication that he was under the influence of any medication or that his plea was somehow involuntary.

Two months after his plea, and shortly after the preparation of the Presentence Report recommending a sentence of 24 to 30 months' incarceration, the Petitioner filed a Motion To Withdraw his guilty plea. He argued, for the first time, that he had been

under the influence of percocet and that his plea was therefore involuntary.

On April 10, 2008, the Court held a hearing on the Petitioner's Motion. During the hearing, the Petitioner called two experts who each had limited interaction with him and one of whom stated that percocet can cause drowsiness but, refused to offer an opinion as to how percocet may have affected the Petitioner's cognitive abilities.

The Government relied, in part, on an Affidavit from the physician who prescribed the percocet for the Petitioner. This doctor noted, among other things, that, he had prescribed the mildest dosage of percocet after the Petitioner specifically requested it and indicated that he had taken it in the past and was comfortable with it. The doctor also explained that, "although it is theoretically possible for percocet to render its user incapable of making intelligent decisions . . . this side effect is rare," and that "[b]eing under the influence of percocet will not make someone act against their will and, specifically, being under the influence of percocet will not make an individual plead guilty involuntarily or unknowingly."

The Government also presented the testimony of Robert Jenkins, the attorney who represented the Petitioner during plea negotiations and at the entry of his guilty plea. Jenkins testified that he had numerous meetings with the Petitioner prior

to the plea during which they reviewed the evidence and the Petitioner admitted to him that he was involved with gambling and collecting money for Bansal. Jenkins stated he had observed the Petitioner for approximately the 45 minutes leading up to the plea hearing and that at no time did he think the Petitioner was not competent to proceed with the plea.

The Petitioner then testified, claiming that he had taken percocet prior to his plea and was confused, quiet and obedient because of it. On cross examination he was impeached regarding numerous facts. He initially claimed the Statement Of Facts to his Plea Agreement was untrue but then admitted the conduct described in it.

At the conclusion of the hearing, the Court denied the Motion To Withdraw the plea. In doing so, the Court recalled its observations of the Petitioner during the plea and its belief that the Petitioner was not impaired:

> I remember taking the plea. I remember this defendant's demeanor at that time and how he responded in answer to the questions. It certainly didn't appear that there was any impairment at the time that he made that plea.

The Court also noted that the evidence, particularly the testimony of Mr. Jenkins, confirmed its recollection. Moreover, the Court declared the Petitioner's evidence was not persuasive, noting that the Petitioner's own testimony was "evasive of a number of facts as they have occurred in this case."

After denying the Motion To Withdraw the plea, the Court sentenced the Petitioner to a below-guidelines sentence of one year and one day of incarceration followed by one year of supervised release.

On April 15, 2008, the Petitioner filed a timely Notice Of Appeal. He specifically appealed the denial of his Motion To Withdraw his plea, claiming that it had been made involuntarily because he was under the influence of percocet during the plea hearing. On March 4, 2009, the Fourth Circuit rejected the Petitioner's argument and upheld this Court's ruling. United States v. Nair, 2009 WL 533152 (4th Cir. 2009).

The Petitioner has now filed a Motion pursuant to 18 U.S.C. § 2255 in which he advances many of the same argument that have previously failed. He claims that he is innocent and he states that his attorneys, Robert Jenkins and, subsequently, Harry Tun, were ineffective by coercing him into pleading guilty and allowing him to enter his guilty plea while under the influence of percocet. The Petitioner also appears to claim that Mr. Tun was ineffective because he wanted up to $20,000 to perform a direct appeal, wherefore a direct appeal was unable to be filed. These arguments lack merit and must fail.

A petitioner collaterally attacking his sentence or conviction pursuant to 28 U.S.C. § 2255 bears the burden of proving that the sentence or conviction was imposed in violation

of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255 (2008). The burden for relief is by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. VA 1999). However, § 2255 is not a substitute for a direct appeal of any error of law and an error that may support reversal on direct appeal will not necessarily support a collateral attack on final judgment. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Addonizio, 442 U.S. 178, 184-185 (1979). Consequently, a petitioner procedurally defaults any claim that he failed to raise at trial or on direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998); See also Frady, 456 U.S. at 167-68.

Ineffective-assistance-of-counsel claims may be the subject of a proper § 2255 motion despite a failure on the petitioner's part to seek direct review. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). To prevail on an ineffective assistance of counsel claim, a defendant must show: (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance caused the defendant actual prejudice. See Strickland v.

Washington, 466 U.S. 668, 689 (1984). With respect to the latter prong, a defendant who has pleaded guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. There is a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct. See Strickland, 466 U.S. at 688-89. United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004).

The Petitioner's challenge that he is innocent and had no knowledge of the illegal activities of the conspiracy flies in the face of well-settled law that "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). See also Bousley, 523 U.S. at 621; Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). As the Fourth Circuit has explained, "a guilty plea constitutes a waiver of all non-jurisdictional defects . . . including the right to contest the factual merits of the charges." United States v. Willis, 992 F. 2d 489, 490 (4th Cir. 1993). Thus, when a defendant files a § 2255 motion to challenge the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily

confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." United States v. Broce, 488 U.S. 563, 569 (1989).

This Court, and the Fourth Circuit, have already determined, based on the facts outlined above, that the Petitioner's plea was knowingly and voluntarily made. As to his guilt, the Petitioner himself previously swore under oath during the plea hearing that he was guilty and acknowledged that he committed the acts outlined in the Statement Of Facts to his Plea Agreement. He again admitted the Statement Of Facts was true while being cross-examined during the hearing on his Motion To Withdraw his plea. Because the plea was made knowingly and voluntarily, he cannot now collaterally attack the facts supporting that conviction.

The Petitioner claims his attorney Robert Jenkins was ineffective by pressuring him to plead guilty and not recognizing that the Petitioner was under the influence of back-pain medication at the time Petitioner signed plea of guilt in this case. The Petitioner's arguments regarding Mr. Jenkins are contradicted by his own sworn statement during the plea hearing that he was satisfied with the representation of his counsel. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'"

-8-

United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. Accordingly, in this case, the Petitioner's unequivocal statement, under oath, that he was satisfied with his attorney's performance precludes any ineffective assistance claim the grounds of which was evident at the time he entered his plea.

The Petitioner's claims regarding his second attorney, Mr. Harry Tun, are simply nonsensical. His first argument that Mr. Tun, like Mr. Jenkins, coerced him into pleading guilty is silly given that Mr. Tun did not represent him until after the plea and that Mr. Tun actually argued the Petitioner's Motion To Withdraw his plea. His second argument, unsupported by any evidence, that Mr. Tun failed to file an appeal conveniently ignores that fact that he hired yet a third attorney to a Notice Of Appeal, which was denied. Even if Mr. Tun was ineffective by not appealing, the remedy for the Petitioner would be to give him the opportunity to appeal. See, United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (where counsel is requested to appeal but fails to do so, the prescribed remedy is to vacate original

judgment and enter a new judgment from which appeal can be taken). The Petitioner has already received that opportunity and there is no other relief to be granted.

"A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [that individual] to relief." United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293, 312 (1963)) (evaluating § 2255 motion). With respect to Nair's claims, an evidentiary hearing is not required because the record before the Court is adequate to dispose of the allegations. See Hill v. United States, 368 U.S. 424, 428 (1962). Nair's unsupported allegations are contradicted by abundant evidence in the record. His claims are therefore "patently frivolous or false," and should be summarily dismissed on whole. See Lemaster, 403 F.3d at 221.

For the foregoing reasons, Nair's Motion pursuant to 18 U.S.C. § 2255 should be denied.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
~~August~~ Sept 3, 2009